## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| ELSIE CALHOUN, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | §   CIVIL ACTION NO. H-10-3997 |
| | § |
| SCHINDLER ELEVATOR CORPORATION, | § |
| *et al.*, | § |
| | § |
| Defendants. | § |

## MEMORANDUM AND ORDER

This is a personal injury case. The plaintiff, Elsie Calhoun, contends that while she was riding on an escalator in the Hyatt Regency Hotel in downtown Houston, the person ahead of her fell backwards, causing her to fall as well. Calhoun alleges that a malfunction caused the escalator handrail to stop moving in concert with the steps. Calhoun sued the Hyatt Corporation and the escalator-maintenance company, Schindler Elevator Corporation, asserting that they were negligent.

Calhoun designated Dr. Bruce Pinkston, who has a Ph.D. in mechanical engineering, as an expert to testify on the "safety and maintenance of the escalator in question" and to "give opinions with regard to the appropriate steps which should have been taken to remedy the dangerous condition which existed at the time of the incident." (Docket Entry No. 22, at 2). In his expert report filed on October 17, 2011, Dr. Pinkston stated that the "service history of this escalator shows that this incident was most probably caused by a failure of the handrail drive system, which Ms. Holmes relied upon," and that "[w]hen the handrail stopped moving during the ascent, at the same time when the foot treads were continuing upward, the preceding rider of the escalator lost her balance in a way that caused her to fall backwards to impact Ms. Calhoun." (*Id.*, Ex. A., at 1–2).

A section entitled "Basis of Report" listed the depositions of Ms. Calhoun, Mr. Toby Saenz,[1] and "some of the escalator service records." (*Id.* at 3).

In July 2012, Dr. Pinkston submitted a supplemental report. It slightly expanded the opinions to add:

> The repeated instances of handrail malfunction, which are documented in the service history of this escalator, should have led the equipment owner to believe that the escalator was not receiving the necessary maintenance. The owner should have demanded better performance from the existing service company or should have contracted with another organization for this service.

(Docket Entry No. 26., Ex. B, at 1–2). The only additions to the "Basis of Report" were citations to the depositions of John Leslie and O'Neil Williams. (*Id.* at 3).[2]

The defendants moved to strike Dr. Pinkston as an expert under Rules 26 and 37 of the Federal Rules of Civil Procedure. (Docket Entry No. 26). The plaintiff responded by arguing that the motion was filed 11 days after the scheduling-order deadline for filing pretrial motions. (Docket Entry No. 27). In reply, the defendants pointed out that they had advised the plaintiff that they intended to file the motion, there was neither surprise nor prejudice in the delayed filing, and counsel for the defendants had both scheduling- and health-related reasons for the delay. (Docket Entry No. 28).

Although the motion to strike was filed 11 days after the deadline, the court will consider it. The defendants have provided reasons for the delay in filing. Considering the motion does not require an extension of the other deadlines. And there is no indication of either surprise of prejudice

---

[1] Saenz is a Schindler service technician. (Docket Entry No. 26, at 10).

[2] Leslie is a Hyatt building engineer. Williams was the Hyatt manager on duty. (Docket Entry No. 26, at 10).

to the plaintiff, whose counsel was advised in advance that the motion would be filed and who filed a response in opposition.

Under Rule 26(a)(2)(B), the disclosures of certain expert witnesses must be accompanied by a written report that contains, *inter alia,* "a complete statement of all opinions the witness will express and the basis and reasons for them" and "the facts or data considered by the witness in forming them." FED. R. CIV. P. 26(a)(2)(B). The Advisory Committee's Notes to Rule 26 provide that expert witnesses "must prepare a detailed and complete written report, stating the testimony the witness is expected to present during direct examination, together with the reasons therefor." *Id.*, advisory committee's note (1993 Amendments). "These Notes also explain that the purpose of the reports is to avoid the disclosure of 'sketchy and vague' expert information, as was the practice under the former rule." *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir.1996) (citing FED. R. CIV. P. 26 advisory committee's note (1993 Amendments)). "The test of a report is whether it was sufficiently complete, detailed and in compliance with the Rules so that surprise is eliminated, unnecessary depositions are avoided, and costs are reduced." *Reed v. Binder*, 165 F.R.D. 424, 429 (D.N.J. 1996) (cited with approval in *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 n.6 (7th Cir. 1998)).

Whether an expert report is sufficiently complete, detailed, and in compliance with the Rules so that surprise is eliminated, unnecessary depositions are avoided, and costs are reduced depends on the kind of testimony involved and the opinions that are expressed. In some cases, the expert testimony is complex and requires a detailed expert report. In other cases, testimony is not so complicated. Although it is difficult to generalize about how detailed an expert's report should be, a report that has no detail at all is clearly deficient. *See* FED. R. CIV. P. 26(a)(2)(B); *see also*

*Harmon v. Ga. Gulf Lake Charles L.L.C.*, 476 F. App'x 31, 36 (5th Cir. 2012) (holding that a "two-page letter that essentially summarized the patients' medical records and recommended that 'the patients undergo Comprehensive Psychological Evaluations'" was "undeniabl[y]" a "fail[ure] to come close to meeting [Rule 26(a)(2)(B)'s] criteria); *Kirby v. Bank of Am., N.A.*, No. 2:09–cv–182–DCB–JMR, 2011 WL 3273604, at *1 (S.D. Miss. July 29, 2011) ("The expert reports attached to the Plaintiffs' designation of Garfield meet none of the requirements of the Rule. They appear to be form reports generated by Garfield with respect to the title to the Plaintiffs' property which is the subject of this litigation.").

Dr. Pinkston's report is very brief. He does not set out his reasons for reaching the three conclusions he states. Nor does he identify any specific basis for his conclusions or opinions. Instead, he cites generally to the entire deposition transcript for certain individuals and all the service records for the escalator at issue. The report fails to satisfy the requirement that it contain "a complete statement of all opinions the witness will express and the basis and reasons for them." FED. R. CIV. P. 26(a)(2)(B)(i). The defendants would not have to take a deposition to learn added detail, beyond the report, about the opinions Dr. Pinkston would state, but rather to learn any of the reasons and bases for the opinions.

Although the report fails to satisfy the Rule 26 requirements, the defendants' motion does not address the factors the Fifth Circuit has identified as relevant to determining whether to strike an expert because the Rule 26 designation is improper. A court considers four factors: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004) (citing *Geiserman*

*v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)).  No later than **November 2, 2012**, the plaintiff must supplement her response to the motion to strike to address these factors.

  SIGNED on October 16, 2012, at Houston, Texas.

            _____
               Lee H. Rosenthal
              United States District Judge