IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELSIE CALHOUN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-3997 |
| | § | |
| SCHINDLER ELEVATOR CORPORATION, | § | |
| *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

The defendants' motion to strike plaintiff Elsie Calhoun's expert, Dr. Bruce Pinkston, is presently before this court. (Docket Entry No. 26). Calhoun objected to the motion to strike. (Docket Entry No. 27). Hyatt Corp. and the Schindler Elevator Co. replied. (Docket Entry No. 28). On October 16, 2012, this court issued a Memorandum and Order instructing Calhoun to supplement her opposition to the motion to strike. (Docket Entry No. 29). In essence, because the expert report Pinkston submitted failed to comply with Federal Rule of Civil Procedure 26(a)(2)(B), this court determined that Calhoun had not properly designated Pinkston. (*Id.* at 4). Because exclusion of an improperly designated expert is an appropriate sanction under these circumstances, this court granted Calhoun the opportunity to explain the noncompliance and why Pinkston should not be excluded:

> Although the report fails to satisfy the Rule 26 requirements, the defendants' motion does not address the factors the Fifth Circuit has identified as relevant to determining whether to strike an expert because the Rule 26 designation is improper. A court considers four factors: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004) (citing *Geiserman v.*

> *MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)).  No later than **November 2, 2012**, the plaintiff must supplement her response to the motion to strike to address these factors.

(*Id.* at 4–5 (emphasis in original)).

This court has received a supplemented response from Calhoun, (Docket Entry No. 30), and a reply to that supplemented response from the defendants, (Docket Entry No. 31).  The court has now reviewed both documents.  Neither adequately responds to this court's concern that the designation of Pinkston as a testifying expert does not comply with Rule 26 because there is no timely, sufficient report.  Some additional clarification might be useful.

In her supplemental response, Calhoun attempted to address the *Hamburger* factors listed above.  She argued that although Pinkston's report was insufficient, Pinkston's name was revealed to the defendants as a testifying witness within the scheduling order deadlines.  Calhoun argued that in this case, "[u]nlike *Hamburger* cited above, a scheduling order deadline set by this court has not been abused. . . .  Dr. Pinkston was properly identified and designated in accordance with the scheduling order set out in this court, and there was no surprise to the Defendants with respect to his designation as an expert witness."  (Docket Entry No. 30, ¶¶ 4–5).  Calhoun argued that Pinkston's testimony, particularly the testimony about escalator maintenance, is critical to her personal-injury case.  (*Id.*, ¶ 6).  Calhoun argued that the defendants would not be prejudiced by this court's denial of the motion to strike because Pinkston could supplement his report without delaying the pretrial schedule and no continuance would be required if Pinkston was allowed to supplement his report to make it sufficient under Rule 26.  (*Id.*, ¶¶ 7–11).

The defendants replied by arguing that the *Hamburger* factors were inapplicable:

> [T]he *Hamburger* factors do not apply to the situation involving Plaintiff's expert in this case.  In *Hamburger*, the issue was that the plaintiff failed to timely

designate her expert by almost three months, and the defendant moved to exclude the expert on this basis. The trial court excluded the expert and the appellate court upheld it. The Fifth Circuit stated in *Hamburger*:

> The Court reviews the trial court's exercise of its discretion to exclude experts *not properly designated* by considering four factors: (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice.
>
> In its Memorandum and Order dated October 6, 2012, this court stated that the above factors were identified by the Fifth Circuit as being "relevant to determining whether to strike an expert because the Rule 26 designation is improper," and Plaintiff repeats this language in paragraph 3 of her supplemental response to the Motion. However, this mischaracterizes the language in *Hamburger* cited above. The *Hamburger* court was solely concerned with the untimely designation of the plaintiff's expert, and the four factors prescribed are solely geared toward addressing that issue — *an issue not present in this case*.

(Docket Entry No. 31, at 2 (emphasis in original) (citing and quoting 361 F.3d at 379, 883)).

The defendants are correct that the problem here was not a failure to identify the expert at all, as in *Hamburger*. But Calhoun's failure to provide an adequate expert report under Rule 26 is viewed under the case law as a failure to designate as required by that Rule. Fifth Circuit case law makes clear that what this court may have termed the "*Hamburger* factors" are neither exclusive to that case nor limited to a failure to timely identify an expert:

> Having concluded that the district court properly determined that the original report failed to comply with the scheduling order and that Appellants' efforts to supplement the report were untimely, we must determine whether the district court's sanction of excluding the expert's testimony was proper. . . . [W]e consider four factors: "(1) the importance of the excluded testimony, (2) the explanation of the party for its failure to comply with the court's order, (3) the potential prejudice that would arise from allowing the testimony, and (4) the availability of a continuance to cure such prejudice."

*Harmon v. Ga. Gulf Lake Charles L.L.C.*, 476 F. App'x 31, 36 (5th Cir. 2012) (quoting *EEOC v. Gen. Dynamics Corp.*, 999 F.2d 113, 115 (5th Cir. 1993) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990))).

These factors mirror those set forth in *Hamburger*. This court cited *Harmon* in its previous order, (Docket Entry No. 29, at 3–4), and the *Hamburger* court's citation of *Geiserman*, in framing the relevant considerations when a party fails to properly and timely designate an expert, (*id.* at 4–5). If these cases failed to clarify that the considerations listed in *Hamburger* are not limited to the facts of that case, then the present Memorandum and Order serves that purpose.

Under this court's Scheduling and Docket Control Order, Calhoun was to designate her experts and provide the Rule 26(a)(2) report by September 16, 2011; the defendants would do the same by October 28, 2011. (Docket Entry No. 14). Pinkston was apparently first identified to the defendants in October 2011, along with the first expert report that lacked any informative description of his opinions or their basis. (Docket Entry No. 22).

Defense counsel claims that he warned counsel for Calhoun on June 19, 2012 that a motion to strike Pinkston's testimony would be filed, (Docket Entry No. 28, at 2), in large part because Pinkston's report "did not set out or follow any defined principles or methods of testing and analysis, and his opinions are simply conclusory statements, unconnected to the facts of this case by anything more than his *ipse dixit*," (Docket Entry No. 26, at 3). Calhoun's counsel responded that a supplemental report was forthcoming. (Docket Entry No. 28, at 1–2). Pinkston supplemented his report on June 29, 2012, but the supplementation still provided no additional description of his opinions or their basis. (*See* Docket Entry No. 26, Ex. B). Hyatt then moved to strike Pinkston.

(Docket Entry No. 26).  The entirety of the final "Basis of Report" submitted by Pinkston is as follows:

> 1. We reviewed the deposition testimony of Ms. Elsie Calhoun.
> 2. We reviewed the deposition testimony of Mr. Toby Saenz.
> 3. We reviewed the deposition testimony of Mr. John Leslie.
> 4. We reviewed the Deposition testimony of Mr. O'Neil Williams.
> 5. We reviewed some of the escalator service records, provided by the Schindler Elevator Company.

(Docket Entry No. 26, Ex. B, at 3).  The promised supplementation was barely more informative than the first, inadequate report, and did not cure the deficiency.

The factors set out in cases like *Hamburger* and *Harmon* are intended to address such a failure.  The importance of the excluded testimony, the reason for the failure to comply with the court's scheduling orders, the prejudice that would arise from allowing the testimony, and the availability of a continuance to cure any prejudice are all directly relevant to the present case.

In their supplemental briefing, the parties incorrectly focus on the fact that Calhoun timely identified Pinkston by giving his name and a scant outline of his opinions.  That is not sufficient.  Calhoun has failed to timely produce a Rule 26–compliant expert report.  Calhoun's failure to comply with this court's scheduling order to produce a Rule 26–compliant expert report remains unexplained and unremedied.  The court offers Calhoun a final opportunity to address the failure, consistent with the factors discussed in *Hamburger* and *Harmon*.  No later than **December 7, 2012**, Calhoun must supplement her response to the motion to strike to address these factors.

SIGNED on November 28, 2012, at Houston, Texas.

Lee H. Rosenthal
United States District Judge